IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LEANDRA BRYANT, Individually** ) <br> **and as Administrator of the Estate of** ) <br> **LUCAS M. BRYANT, Deceased,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> **FCA US, LLC (Fiat Chrysler** ) <br> **Automobiles US LLC) f/k/a** ) <br> **CHRYSLER GROUP, LLC, f/k/a** ) <br> **CHRYSLER, LLC, and f/k/a** ) <br> **DAIMLER CHRYSLER,** ) <br> ) <br> **Defendant.** ) | Case No. 3:21-cv-1312-DWD |

**ORDER AUTHORIZING SETTLEMENT OF ACTION FOR WRONGFUL DEATH, APPROVAL OF ATTORNEY'S FEES AND COSTS, AND ALLOCATION OF SETTLEMENT PROCEEDS AMONG WRONGFUL DEATH BENEFICIARIES**

Before the Court is the Petition to Settle Wrongful Death Action and Allocate Wrongful Death Proceeds (Doc. 86). The Court, being fully advised, hereby **GRANTS** the Petition and **FINDS** as follows:

This case was filed by Plaintiff on behalf of Decedent, Lucas M. Bryant, pursuant to the Wrongful Death Act and the Survival Act, against Defendant. The allegations focus on the personal injuries and death to Lucas M. Bryant, stemming from a vehicular incident that occurred on December 1, 2019.

Plaintiff reports that she has negotiated a settlement with Defendant, in a confidential amount, as a result of mediation. The Court finds the settlement is fair and reasonable, taking into account the facts alleged and the uncertainty of litigation.

The Court finds Plaintiff's counsel and Plaintiff have agreed to a contingency fee of 50%, and that Plaintiff's counsel have incurred costs of $100,335.39. (Docs. 86-1; 86-2).

The Court has been informed that Leandra Bryant, Russell Bryant, and Holly Bryant, none of whom are minors, are the sole heirs of Decedent. The Court has further been provided with Consents to the Allocation and Distribution of Settlement Proceeds (Docs. 84 & 85) of Russell Bryant and Holly Bryant, wherein they consent to the settlement and to: a) an allocation of 45% of the Net (after fees and costs) of the Wrongful Death proceeds to Russell Bryant; b) an allocation of 10% of the Net (after fees and costs) of the Wrongful Death proceeds to Holly Bryant; and c) an allocation of the remaining 45% of the Net (after fees and costs) of the Wrongful Death proceeds to Leandra Bryant.

The Court finds the allegations under the Wrongful Death Act, including the loss of companionship, comfort, guidance, and support on the part of the next of kin, are such that the aforementioned allocation is appropriate. Moreover, Decedent's heirs are in agreement on the allocation.

**IT IS THEREFORE ORDERED**:

1. Plaintiff is authorized to accept the settlement, and Plaintiff shall execute a release of any and all claims against Defendant.

2. Plaintiff shall pay her counsel the sum of 50% of the settlement, plus costs incurred for the investigation, filing, and prosecution of the case. The attorney's fees shall be divided as follows:

    a. Goldenberg, Heller & Antognoli, P.C.: 45%

    b. The DeFeo Law Firm: 45%

    c. Lawler Brown Law Firm: 10%

3. The Wrongful Death Act proceeds of the settlement, after attorney's fees, costs, and repayment of lien, shall be allocated and distributed as follows:

    a. Leandra Bryant 45%

    b. Russell Bryant 45%

    c. Holly Bryant 10%

4. The settlement, which has been found by the Court to be fair and reasonable, shall be binding on all next of kin and their assigns, heirs, representatives, and guardians, now or later appointed.

Dated: December 29, 2023

_____
DAVID W. DUGAN
United States District Judge